UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 4:06-CV-988 CEJ ) |
| A.L.L. CONSTRUCTION, LLC, | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for default judgment and on defendant's motion for leave to file an answer out of time. The issues are fully briefed.

**I.   Background**

This is an action to collect delinquent fringe benefit contributions, liquidated damages, and attorney's fees, pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and the Employee Retirement Income Security Act (ERISA), 26 U.S.C. § 1132.

The complaint was filed on June 27, 2006. On August 14, 2006, the Court granted defendant leave to file an answer out of time. Defendant, proceeding *pro se*, filed an answer that same day. On April 17, 2007, the Court vacated its August 14, 2006 order granting defendant leave to file an answer and struck defendant's answer, because defendant is a limited liability company which cannot proceed *pro se*. The Court instructed defendant to have a licensed attorney

enter an appearance on its behalf and to file an answer to the complaint no later than May 7, 2007.

No licensed attorney appeared for defendant by that deadline, and the Clerk of Court entered default against defendant on June 18, 2007. Plaintiffs filed a motion for default judgment on August 20, 2007. Three days later, two attorneys entered their appearance for defendant.

Defendant opposes the plaintiffs' motion for default judgment and seeks leave to file an answer out of time. Defendant notes that both the plaintiffs and the Court have mailed pleadings to several incorrect addresses. Defendant claims it should not be penalized for its confusion regarding procedural requirements and asks the Court to recognize its efforts to comply with those requirements. Defendant also asserts that the plaintiffs' examination of defendant's payroll records contains errors, including wage and benefit amounts, the time period covered, and the inclusion of non-union employees.

**II. Legal Standard**

Relief from the clerk of court's entry of default is governed by Rule 55(c), Fed.R.Civ.P., which authorizes a court to set aside an entry of default for "good cause shown." In determining whether good cause exists to set aside the entry of default, courts consider: (1) whether default was willful, (2) whether setting it aside would prejudice the adversary, and (3) whether the defaulting party presents a meritorious defense. Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998).

In applying the first factor, the case law distinguishes between "contumacious or intentional delay or disregard for deadlines and

2

procedural rules, and a 'marginal failure' to meet pleading or other deadlines." Johnson, 140 F.3d at 784. Courts in this circuit have often granted relief under Rule 55(c) for marginal failures to meet pleading or other deadlines "when there were meritorious defenses and an absence of prejudice." Id.

Prejudice may not be found from delay alone or from permitting the defaulting party to defend the case on the merits. Id. at 785. "Setting aside a default must prejudice a plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" Id. Finally, a meritorious defense may exist where "the proffered evidence 'would permit a finding for the defaulting party.'" Id. "The underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808 (4th Cir. 1988), quoting 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2967, p. 531 (2d ed. 1983).

A strong judicial policy exists that favors decisions on the merits, rather than default judgment. See Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993).

**III. Discussion**

The record reflects that pleadings and orders were sent to the defendant at the incorrect address.[1] The April 17, 2007 order

---

[1] Pleadings were repeatedly mailed to 920 N. Euclid, Suite 401, St. Louis, MO 63108. It appears that this address was provided by the defendant.

Mr. Lumpkins avers that when items addressed to him arrived at his mother's home, she kept them and gave them to him at a

3

striking the answer was never sent to defendant. The May 15, 2007 order, directing the plaintiffs to file motions for default, was returned by the post office as undeliverable, because it was sent to the wrong address. The order was mailed again, on June 29, 2007, to an address defendant identifies as belonging to the mother of defendant's principal and owner, Anton Lumpkins. The clerk's entry of default on June 18, 2007 was mailed to defendant's business address. Plaintiffs filed a pleading on June 22, 2007, acknowledging that they had sent a pleading to the incorrect address and had re-mailed the pleading to the correct address. Plaintiffs re-mailed the pleading to Mr. Lumpkins's mother's address. Plaintiffs filed a motion for default judgment on August 20, 2007, again mailing a copy of the pleading to Mr. Lumpkins's mother's address. Mr. Lumpkins asserts that immediately upon receiving plaintiffs' motion for default judgment, he retained an attorney who entered an appearance for defendant on August 23, 2007.

Because the record reflects substantial impediments to defendant's timely receipt of important pleadings in this action, the Court finds that defendant's failure to timely respond to the entry of default does not constitute intentional delay or disregard of the deadlines.

Plaintiffs allege that they will be prejudiced if the Court sets aside the entry of default, arguing that they have expended time and resources on a motion for partial summary judgment and a motion for

---

later date. Mr. Lumpkins states that the business address for A.L.L. Construction, LLC is (and has been since October 2004) 4427 Geraldine Avenue, St. Louis, MO 63115. The summons was served on defendant at the Geraldine address.

default judgment. The Court finds that the time and resources expended on those pleadings does not constitute the type of prejudice that would prevent the Court from setting aside the entry of default.

Defendant asserts that default judgment cannot be entered because there is no "sum certain" as required by Rule 55(b). Plaintiffs respond that in their motion for partial summary judgment, they provided a sum that was based on the results of plaintiffs' first audit of defendant's records.[2] Plaintiffs completed a second audit of defendant's payroll records and provided the results to defendant on August 27, 2007. Plaintiffs' motion for default judgment seeks a judgment in the amount of $63,188.65.

Under Rule 55(b)(2), the Court has discretion to investigate and/or confirm relevant information before entering default judgment. When the amount of damages cannot be readily determined from the complaint, further proceedings may be conducted to determine the amount of the judgment. Clearly, the fact that such a determination must be made is not grounds for denying default judgment.

Finally, delay alone does not constitute prejudice, and the plaintiffs do not show that the delay would prejudice them in a concrete way, such as loss of evidence, increased difficulty in discovery, or greater opportunities for fraud or collusion.

---

[2] The Court denied that motion as moot after defendant did not respond to the clerk's entry of default.

The Court finds that the balance of factors weighs in favor of setting aside the entry of default, pursuant to Rule 55(c), Fed.R.Civ.P.. Defendant's failure to respond to the entry of default was not willful. The plaintiffs have not demonstrated that they would be unduly prejudiced by the setting aside of the default. Defendant asserts that the audits contain inaccuracies as to wage and benefit amounts, the time period covered, and the inclusion of non-union employees. If defendant presents evidence of inaccuracies, it could demonstrate a meritorious defense. The Court is also mindful of the preference for deciding cases on the merits rather than through default judgment.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiffs' motion for default judgment [# 28] is **denied.**

**IT IS FURTHER ORDERED** that the clerk's entry of default [# 21] as to defendant A.L.L. Construction, LLC is **vacated.**

**IT IS FURTHER ORDERED** that the defendant's motion for leave to file an answer out of time [# 32] is **granted.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of November, 2007.